## HATTIE OXLEY STENGEL

*v.*

## GEORGE F. STENGEL.

[Decided November 26th, 1915.]

1. A commission to take the depositions of foreign witnesses *de bene esse* is a statutory proceeding substituted for letters rogatory.

2. Letters rogatory request a foreign court to take the depositions of witnesses residing within its jurisdiction and transmit them to the court making the request. Compliance rests entirely on comity.

3. Letters rogatory may only be issued where testimony cannot otherwise be obtained in a foreign jurisdiction; but in order to obtain them it must be shown that a commission is not adequate, preferably by the issuance of such commission and its return, showing the impossibility, after proper efforts, of obtaining the desired testimony thereunder.

4. The different methods of taking depositions of foreign witnesses *de bene esse* pointed out.

On application for a commission and letters rogatory to take depositions of foreign witnesses *de bene esse*.

*Mr. Maximilian M. Stallman,* for the petitioner.

*Messrs. Lintott, Kahrs & Young,* for the defendant.

WALKER, CHANCELLOR.

In this case both parties desire to take the depositions *de bene esse* of witnesses residing in the city of Philadelphia, in the State of Pennsylvania. Our Evidence act provides, *inter alia (Comp. Stat. p. 2231 § 36),* that if a material witness in any action of a civil nature, pending in any of the courts of this state resides out of this state, it shall be lawful for the court, on proof to its satisfaction, and on such terms as the court may direct, to issue under the seal of the court, a commission to such person as the court may think fit, authorizing such person to examine *de bene esse* the witness on oath or

affirmation. Then follows sections making provision that the names of the witnesses to be examined shall be inserted in the commission, and that interrogatories shall be drawn and signed by the parties or counsel to be ,approved by the court and annexed to the commission; that application for such commission shall be made on notice, with service of a copy of interrogatories intended to be annexed; that the commission may be issued by consent of the parties, with interrogatories approved. And in section 45 it is provided that instead of taking testimony by commission, the same may be taken before a commissioner especially appointed by the court in which the action is pending, or before certain officers named, provided that notice of the time and place of such examination, and the names of the witnesses to be examined, shall be given to the adverse party, his attorney or solicitor, that he may be present and put interrogatories if he shall see fit, which notice shall allow certain time for attendance after service of the notice.

The parties to this suit seek to take the testimony *de bene esse* by consent, and have sent a stipulation to the clerk's office naming the witnesses and a commissioner at Philadelphia, Pennsylvania. The stipulation provides that the testimony be taken "upon a commission and letters rogatory issued out of this court." Annexed to the stipulation are letters rogatory directed to the judges of the court of common pleas of the city and county of Philadelphia, in the usual form of such documents, requesting that court by its proper and usual process to cause such witness or witnesses as shall be named or pointed out by the parties to come before that court or some competent person by it for that purpose to be appointed and authorized, at a precise time and place, and there to answer on their oaths or affirmations as they may be examined on behalf of such parties, &c., offering to do the same for that court when required. Also annexed to the stipulation is a form of commission addressed to the commissioner agreed upon by the parties, reciting that this court has appointed him and giving him full power and authority to examine certain witnesses named, &c. No order has been presented to the court for the issuance either of letters rogatory or a commission or for the appointment of a commissioner to

take the depositions. Nor are any interrogatories annexed to the commission or letters.

The request for the issuance of both the letters and commission must be denied.

One way to take depositions *de bene esse* out of the state without an appointment of a commissioner is before certain officers named, upon notice as required by section 45 of the Evidence act, *supra*. If depositions are desired to be taken under that section on notice before anyone save the officers named it must be before a commissioner appointed by the court. Another way to take such depositions *de bene esse* out of the state is to stipulate that they may be so taken without an order of the court, such stipulation to state the name and residence of the witness whose testimony is to be taken, the time and place when and where, and the officer who it would have been lawful for the court to designate in a commission issued upon application, as provided for in section 57 of the Evidence act.

A commission to take the depositions of foreign witnesses *de bene esse* is a statutory proceeding substituted for letters rogatory. Our statute makes no mention of such letters.

What letters rogatory and their characteristic are, is stated in *13 Cyc. 892*, as follows:

"Letters rogatory are letters or a formal communication containing a request by a court, in which an action is pending, of a foreign court or tribunal that the testimony of a witness residing within its jurisdiction may be formally taken under its direction and transmitted to the court making the request. At an early period this process was in use between the states of the Union. The procurement of depositions in this manner rests entirely on comity. This mode of obtaining testimony should be resorted to only where a commission cannot be executed or would be inadequate, and not where it would be objectionable because removing the investigation from the control of the domestic court, and from the operation of the rules of evidence prevailing therein."

Another incident to taking depositions upon commission or letters rogatory is, that interrogatories must be annexed and approved by the court. There are no interrogatories annexed to the papers before me.

The court to which letters rogatory were addressed in *Doubt v. Pittsburg, &c., Railway Co., 19 Pa. Co. Ct. 178*, declined to take the depositions of the witnesses therein named because the

letters were not accompanied by interrogatories, and on the contrary, contained a request that the depositions be taken *viva voce*.

Depositions *de bene esse* out of the state can only be obtained, without written interrogatories submitted, by giving notice under section 45 or by stipulation under section 57, *supra*.

As to commissions and the proceedings to obtain their issuance and also the forms of commissions and letters rogatory, see *Dick. Ch. Prec. (rev. ed.), 145–156*.

By section 58 of our Evidence act, in case a commission be issued out of any court of the United States or any state or territory, directed to any person in this state authorizing him to examine or take the depositions of witnesses named in such commission, and the persons to be examined shall refuse to attend and give testimony, any justice of the supreme court of this state may make an order awarding process of subpœna out of that court for such witnesses to appear and testify before such commissioner. Doubtless Pennsylvania has a similar statute, and no doubt the depositions of the witnesses desired to be examined by the parties may thus be compelled under a commission, without recourse to letters rogatory. But if the commission cannot be executed, then letters rogatory may be applied for.

It would therefore seem to be unnecessary for this court, at least at this time, to request the court of common pleas of Philadelphia, Pennsylvania, to compel the giving of testimony in this case, as it can doubtless be obtained by the ordinary methods employed under a commission.

An order will be made for the appointment of a commissioner to take depositions *de bene esse* under a commission in this case, on the stipulation already made, if requested, provided interrogatories are submitted for the approval of the court, according to the statute and established practice.

In *Gross v. Palmer, 105 Fed. Rep. 833*, it was held that letters rogatory may be issued where testimony cannot otherwise be obtained in a foreign jurisdiction, but it must be shown that a commission is not adequate, preferably by the issuance of such commission and its return, showing the impossibility, after proper efforts, of obtaining the desired testimony thereunder.